FALL, 1811.
First District.

MEUNIER
*vs.*
COUET.

ing of opinion, that if death had ensued, it would only have been manslaughter, directed the jury to acquit the defendant upon the first count of the indictment, charging the assault with intent to murder.  1 *East. P. C.* 411.

*By the Court,* LEWIS, *J. alone.*  Surely, if the jury are of opinion that, had the person stabbed died, they ought to have found the defendant guilty of murder of the second degree only, they will acquit him.

VERDICT FOR THE DEFENDANT.

---

## MEUNIER vs. COUET.

*Saving and reserving, &c. are words of course, which imply no denial.*

*Concubinage goes to the credit only, of a witness.*

*Vendee's daughter an inadmissible witness.*

THIS suit was brought to recover a negro slave, in the possession of the defendant. The answer stated the possession of the defendant during six years, with the plaintiff's knowledge. It began by the usual manner of reserving of *all and every manner of advantage, &c.* and did not deny the plaintiff's title.

*Mazureau* for the plaintiff.  We need not adduce evidence of our title.—We have set it forth in the petition, and the answer does not deny it.

*Derbigny* contra.  We admitted nothing and we have reserved all our rights, by an express clause.

*By the Court.* The words used in the begin-ing of the answer, are words of course and which do not imply any denegation of what the plain-tiff sets forth in the petition. As you have not denied his title, he is not to be required to prove it.

FALL, 1811.
First District.

THE defendant offered a witness who was ob-jected, to on the ground that the defendant lived with him as his wife, although they were not married. The objection was overruled; as this circumstance goes only to the witness's credit and does not affect his competency. *Hill* vs. *Wood, Esp.* 722.

THE daughter of the defendant's vendee, who had warranted the title, was next offered, but not allowed to be sworn. *Civil Code*, 312, a t. 248.